UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:20 CR 17-2 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE |
| | ) | CARMEN E. HENDERSON |
| RANDALL A. SIMMONS, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Defendant. | ) | OF MAGISTRATE JUDGE |
| | ) | |

Pursuant to General Order 99-49, this matter having been referred to United States Magistrate Judge Carmen E. Henderson for purposes of receiving, on consent of the parties, the defendant's offer of a plea of guilty, conducting the colloquy prescribed by Fed. R. Crim. P. 11, causing a verbatim record of the proceedings to be prepared, referring the matter, if appropriate, for presentence investigation, and submitting a Magistrate Judge's Report and Recommendation stating whether the plea should be accepted and a finding of guilty entered, the following, along with the transcript or other record of the proceedings submitted herewith, constitutes the Magistrate Judge's Report and Recommendation concerning the plea of guilty proffered by the defendant.

1. On June 2, 2022, the defendant, accompanied by counsel, proffered a plea of guilty to Counts 1 and 2 of the Indictment.

2. Prior to such proffer, the defendant was examined as to his competency, advised of the charge and consequences of conviction, informed that the Federal Sentencing Guidelines are advisory and the Court must consider them but the Court may impose any sentence authorized by law, notified of his rights, advised that he was waiving all his rights except the right to counsel, and, with limited exceptions, his right to appeal, and otherwise provided with the information prescribed in Fed. R. Crim. P. 11.

3. The parties and counsel informed the court about the plea agreement between the parties, and the undersigned was advised that, aside from such agreement as described or submitted to the court, only one other unwritten promise was made between the parties. Specifically, in exchange for the defendant agreeing to plead guilty to the Indictment, the government agreed not to file an 851 enhancement which would have served to enhance his mandatory minimum sentence to 15 years. The parties noted that the government was required to file the enhancement prior to the defendant's guilty plea. Therefore, because

      it could not be filed after his plea, they neglected to note it in the plea agreement. The parties agreed on the record that this promise was a part of the plea agreement and no other commitments or promises have been made by any party, and no other agreements, written or unwritten, have been made between the parties.

4.     The undersigned questioned the defendant under oath about the knowing, intelligent, and voluntary nature of the plea of guilty, and finds that the defendant's plea was offered knowingly, intelligently, and voluntarily.

5.     The parties provided the undersigned with sufficient information about the charged offenses and the defendant's conduct to establish a factual basis for the plea.

In light of the foregoing and the record submitted herewith, the undersigned finds that the defendant's plea was knowing, intelligent, and voluntary, and that all requirements imposed by the United States Constitution and Fed. R. Crim. P. 11 have been satisfied.  Therefore, the undersigned recommends that the plea of guilty to Counts 1 and 2 of the Indictment be accepted and a finding of guilty be entered by the Court.

                                                                  *s/Carmen E. Henderson*

                                                                  Carmen E. Henderson

                                                                  United States Magistrate Judge

Date: June 2, 2022

      Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F. 3d 520, 530-31 (6th Cir. 2019).